9 F.3d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MANUFACTURERS GASKET COMPANY, Plaintiff-Appellant,
v.
TRANSCONTINENTAL INSURANCE COMPANY, Defendant-Appellee.
 No. 93-3108.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1993.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Manufacturers Gasket Company (Manufacturers) appeals a district court judgment dismissing Manufacturers' complaint filed originally in the Cuyahoga County, Ohio, Court of Common Pleas and removed to the district court by Transcontinental Insurance Company (Transcontinental) based upon diversity of citizenship jurisdiction. Manufacturers has specifically waived oral argument, and Transcontinental moves to withdraw an earlier request that oral argument be heard in this case. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Manufacturers filed its complaint in state court seeking a declaration that Transcontinental must defend and indemnify Manufacturers in a products liability action then pending in the Cuyahoga County Court of Common Pleas. Transcontinental removed the complaint to the district court based upon diversity jurisdiction and filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Manufacturers responded in opposition and Transcontinental filed a reply. The district court dismissed the complaint for failure to state a claim upon which relief can be granted.
 
 
 4
 On appeal, Manufacturers contends that Ohio law precludes application of the insurance policy exclusion asserted by Transcontinental because the policy language is ambiguous. Transcontinental responds that the exclusion is unambiguous. Upon consideration, the judgment is affirmed for the reasons stated by the district court in its memorandum of opinion and order filed December 30, 1992. The policy at issue contains a pollution exclusion clause that is unambiguous and is applicable to products liability claims against Manufacturers under Ohio law. See Park-Ohio Indus., Inc. v. Home Indem. Co., 975 F.2d 1215, 1216-23 (6th Cir.1992). Here the underlying lawsuit is clearly a "demand" under the insurance policy, and the language in the "definitions" section of the policy does not affect the otherwise unambiguous pollution exclusion clause.
 
 
 5
 Accordingly, the motion to withdraw Transcontinental's request for oral argument is granted, and the judgment of the district court is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation